UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| JOE HAND PROMOTIONS, INC., a Pennsylvania Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No: 3:12-cv-00053-HEH |
| THE VILLAGE CAFE, INC., a Virginia Entity, d/b/a THE VILLAGE CAFÉ, | ) ) ) | |
| AND | ) ) | |
| JOHN DOE, | ) ) | |
| Defendants. | ) ) | |

## **DEFENDANT'S ANSWER TO COMPLAINT**

Defendant The Village Cafe, Inc. ("Village Cafe"), by and through its undersigned counsel, submits this Answer to the Complaint filed by Plaintiff Joe Hand Promotions, Inc. ("Joe Hand"), as follows. Except as expressly admitted below, Village Cafe denies each and every allegation in Joe Hand's Complaint.

### **Jurisdiction**

1.  Defendant admits that this action purports to be an action under the identified statute, but denies that Plaintiff is entitled to any recovery.

2.  While Defendant does not contest subject matter jurisdiction, the allegations of this paragraph are legal conclusions for which no answer is required or given.

3.  While Defendant does not contest venue, the allegations of this paragraph are legal conclusions for which no answer is required or given.

**Parties**

4. Defendant lacks sufficient information or belief to respond to Paragraph 4 and on that basis denies it.

5. Defendant admits that THE VILLAGE CAFE, INC is a business entity that does business as THE VILLAGE CAFE and has a principal place of business at 1001 West Grace Street, Richmond, Virginia 23220.  Defendant is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 5 of the Complaint, and on that basis denies the same.

**Preliminary Background**

6. Defendant lacks sufficient information or belief to respond to Paragraph 6 and on that basis denies it.

7. Defendant lacks sufficient information or belief to respond to Paragraph 7 and on that basis denies it.

8. Defendant lacks sufficient information or belief to respond to Paragraph 8 and on that basis denies it.

9. Defendant lacks sufficient information or belief to respond to Paragraph 9 and on that basis denies it.

10. Defendant lacks sufficient information or belief to respond to Paragraph 10 and on that basis denies it.

11. Defendant admits that it did not contract with JOE HAND PROMOTIONS regarding the broadcasting of the Event.  Defendant lacks sufficient information or belief to respond to the remaining allegations in Paragraph 11 and on that basis denies them.

12. Defendant lacks sufficient information or belief to respond to Paragraph 12 and

on that basis denies it.

13. Defendant admits that it played the Event on August 7, 2010 within The Village Cafe restaurant. Defendant further states that it purchased the event from Comcast before playing the event. Defendant lacks sufficient information or belief to respond to the remaining allegations in Paragraph 13 and on that basis denies them.

14. The allegations of this paragraph are legal conclusions for which no answer is required or given. To the extent Defendant is required to respond, Defendant denies them.

15. Defendant admits that it played the event at The Village Cafe restaurant. Defendant further states that it purchased the event from Comcast before playing the event. The remaining allegations of this paragraph are legal conclusions for which no answer is required or given. To the extend Defendant is required to respond, Defendant denies them.

16. Defendant lacks sufficient information or belief to respond to Paragraph 16 and on that basis denies it.

17. The allegations of this paragraph are legal conclusions for which no answer is required or given. To the extent Defendant is required to respond, Defendant denies them.

## COUNT I
## ALLEGED VIOLATION OF 47 U.S.C. § 553

18. Defendant hereby incorporates by reference its answers to Paragraphs 1 through 17 of the Complaint as if set forth herein in full.

19. The allegations of this paragraph are legal conclusions for which no answer is required or given. Defendant submits that the cited statute speaks for itself.

20. Defendant denies the allegations contained in Paragraph 20.

21. The allegations of this paragraph are legal conclusions for which no answer is required or given. Defendant submits that the cited statute speaks for itself.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

As to the WHEREFORE clause following paragraph 24, Defendant denies that Plaintiff is entitled to any relief.

## COUNT II
## ALLEGED VIOLATION OF 47 U.S.C. § 605

25. Defendant hereby incorporates by reference its answers to Paragraphs 1 through 24 of the Complaint as if set forth herein in full.

26. The allegations of this paragraph are legal conclusions for which no answer is required or given. Defendant submits that the cited statute speaks for itself.

27. Defendant denies the allegations in Paragraph 27.

28. The allegations of this paragraph are legal conclusions for which no answer is required or given. Defendant submits that the cited statute speaks for itself.

29. The allegations of this paragraph are legal conclusions for which no answer is required or given. Defendant submits that the cited statute speaks for itself.

30. Defendant lacks sufficient information or belief to respond to the allegation in paragraph 30 that JOE HAND PROMOTIONS maintained proprietary rights in the communication of the Event, and on that basis denies it. Defendant denies the remaining allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

As to the WHEREFORE clause following paragraph 32, Defendant denies that Plaintiff is entitled to any relief.

Defendant denies each and every averment in the Complaint that is not affirmatively admitted herein.

## AFFIRMATIVE DEFENSES

33. The complaint fails to state a claim for which relief can be granted.

34. Plaintiff's claims under 47 U.S.C. § 605 fail as a matter of law because there was no satellite system at The Village Café restaurant.

35. Defendant lawfully purchased the Event from Comcast through its Comcast business account, and Defendant paid Comcast for its purchase of the Event.

36. Defendant was not aware and had no reason to believe that its actions allegedly constituted a violation of any federal statute or other law.

37. Defendant reserves the right to rely on any and all other properly provable defenses developed from discovery and further investigation.

Dated:  March 16, 2012

                                            Respectfully Submitted,

                                            THE VILLAGE CAFE, INC.

                                            By : ____/s/_____
                                                William R. Poynter
                                                Virginia State Bar No. 48672
                                                Counsel for Defendant
                                                WILLIAMS MULLEN, P.C.
                                                222 Central Park Avenue, Suite 1700
                                                Virginia Beach, VA 23462
                                                Telephone: (757) 473-5334
                                                Facsimile: (757) 473-0395
                                                wpoynter@williamsmullen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Mark D. Dix
>Virginia State Bar No. 42718
>BUCCI & DIX, LLC
>11449 Robious Road
>Richmond, Virginia 23235
>Telephone:  (804) 888-9502
>Facsimile:  (804) 888-9507
>mdix@buccidix.com
>*Counsel for Plaintiff*

>By:_____/s/ _____
>William R. Poynter
>Virginia State Bar No. 48672
>Counsel for Defendant
>WILLIAMS MULLEN, P.C.
>222 Central Park Avenue, Suite 1700
>Virginia Beach, VA 23462
>Telephone: (757) 473-5334
>Facsimile: (757) 473-0395
>wpoynter@williamsmullen.com